Morrow, Appellant, v. Fidelity Mutual Life Association of Philadelphia.

*Insurance—Life insurance—Equation fund.*

In an action upon a policy of life insurance where a plaintiff alleges that his equitable proportion of an equation fund was $1,800, and that if such proportion was less in amount it indicated a deficiency in the collection fund which under a condition of the policy should have been made good by a pro rata assessment upon the members of the association, an affidavit of defense alleging that plaintiff's equitable proportion of the fund was only $426.60 and that a deficiency in the fund could only occur on certain specified contingencies and that they had not arisen is sufficient.

Argued Oct. 28, 1909. Appeal, No. 180, Oct. T., 1909, by plaintiff, from order of C. P. No. 2, Allegheny Co., April T., 1909, No. 724, discharging rule for judgment for want of a sufficient affidavit of defense in case of Lot L. Morrow v. Fidelity Mutual Life Association of Philadelphia. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on a policy of life insurance.

Rule for judgment for want of a sufficient affidavit of defense.

SHAFER, J., filed the following opinion:

The action is upon a policy of life insurance made in July, 1892, whereby for an annual premium of $131.46 the defendant company agrees to pay $3,000 at the death of the plaintiff, and also provides that if the policy be surrendered on February 19, 1909, the insured shall receive as a cash disability benefit "an equitable proportion of the equation fund, estimated according to the established experience of thirty American offices at the amount of $1,800," whereupon the insurance should cease. The plaintiff offered to surrender his policy on February 19, 1909, and demanded payment of $1,800, and alleges that his equitable proportion of the equation fund as provided in the policy amounted to $1,800.

The case is somewhat complicated by reason of the nature of the provisions of the policy, and is not made more easy of comprehension by the fact that we have four affidavits of defense. The policy does not promise the plaintiff $1,800 on February 19, 1909, but only an "equitable proportion of the equation fund," and the only mention of $1,800 is a statement that this equitable proportion, estimated according to the tabulated experience of thirty American offices, would amount to that sum. Plaintiff alleges that his equitable proportion of the equation fund is $1,800, and the defendant says that it is not, but is only $426.60. The plaintiff claims that this indicates a deficiency in the equation fund, which under a condition of the policy should have been made good by a pro rata assessment upon the members of the association,

to which the defendant replics that the deficiency referred to in the policy for which an assessment is to be made would occur only when the equation fund would be insufficient to equalize the increasing cost due to advancing age, or if the proportion of such fund properly belonging to such policy shall at any time not equal the difference between the present worth of the future payments and the sum insured, and that this contingency has not occurred, but that the equation fund during the probable life of the insured was always sufficient for that purpose.

If this be true and it is a matter of fact, the affidavit of defense would appear to be sufficient to prevent judgment. The rule is, therefore, discharged.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*M. H. Stevenson*, with him *Wm. C. Boyd*, for appellant.— The defendant expressly agreed that if the policy be legally surrendered on February 19, 1909, "said member shall receive as a cash disability benefit an equitable proportion of the equation fund" estimated at $1,800. Condition seven provides that any deficiency in this fund shall be made good by assessments, payable "within thirty days from the date of notice of same." Defendant admits that it has been drawing from this fund continuously to pay death losses on other risks. No notice of this fact was given to plaintiff; no assessments were called to "make good the deficiencies." These withdrawals from the equation fund were practically secret assessments against plaintiff. The company claims that these secret assessments may now "be charged against the policy and deducted therefrom when it becomes a claim." This not allowable.

*L. K. Porter*, with him *S. G. Porter*, *Frank H. Kennedy* and *F. H. Calkins*, for appellee.—Defendant was under no obligation to make any assessment during the continuance of plaintiff's policy, because there was no deficiency in the equation

fund for which an assessment could be levied under the terms of said policy.

Defendant was under no obligation to notify plaintiff that the estimated cash surrender value of the policy would not be realized, and the failure of defendant to maintain an equation fund sufficient to realize such estimate was not violative of the terms of plaintiff's policy.

The apportionment of the equation fund made by defendant was equitable: Uhlman v. Insurance Co., 109 N. Y. 421 (17 N. E. Repr. 363).

PER CURIAM, January 3, 1910:

The judgment is affirmed on the opinion of Judge SHAFER discharging the rule for judgment for want of a sufficient affidavit of defense.